09-2441-ag
Dong v. Holder

BIA
A 076 505 709

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand ten.

PRESENT:
    JON O. NEWMAN,
    ROBERT A. KATZMANN,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

XIAN JIANG DONG,
        *Petitioner*,

        v.                                     09-2441-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michelle G. Latour,
                       Assistant Director ; Michele Y.F.
                       Sarko, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xian Jiang Dong, a native and citizen of the People's Republic of China, seeks review of a May 14, 2009, order of the BIA denying his motion to reopen. *In re Xian Jiang Dong*, No. A 076 505 709 (B.I.A. May 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Dong's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Dong's motion to reopen, which was indisputably untimely.

As the BIA found, Dong's alleged membership in the

2

Federation for Democracy in China was a change in his personal circumstances, not a change in country conditions, and cannot therefore be the basis of a finding of changed circumstances so that the 90-day time limitation does not apply. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Dong argues, however, that he has established not only a change in his personal circumstances but also a change in country conditions in China in that conditions for pro-democracy activists publishing articles online (as he has done) have worsened there since the time of the IJ's decision. Neither this Court nor the BIA has squarely addressed the question "whether a petitioner whose changed *personal* conditions (which result in his falling into a category of individuals threatened by changed *country* conditions) can rely on those changed country conditions in an untimely motion to reopen where the underlying change in personal conditions postdated his order to depart." *Fong Chen v. Gonzales*, 490 F.3d 180, 184 (2d Cir. 2007) (per curiam), *superseded on other grounds by Fong Chen v. Mukasey*, 255 Fed. Appx. 573 (2d Cir. 2007).

Assuming *arguendo* that a petitioner in such a position may rely on changed country conditions in support of a

motion to reopen, however, the BIA did not abuse its discretion in concluding that Dong had failed to make the requisite showing. Its determination that evidence that "the Chinese government has tightened its censorship and control of political dissent on the [I]nternet" did not constitute a new form of persecution or a new prohibition on pro-democracy activity, but merely reflected "an effort by authorities to address another method of transmitting barred material," was not "devoid of any reasoning" or otherwise an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005).

Dong now argues that the evidence he submitted in connection with his motion to reopen established not only that the Chinese government had increased its control of the Internet but that it had more generally increased its harassment and persecution of dissidents. Only under a generous reading of the affidavit that he submitted with his motion to reopen can Dong be said to have made this as a separate argument before the BIA, so that it is questionable whether we may properly consider it now. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Assuming that we may, we note that amidst more than two

4

hundred pages of documents submitted along with his motion, Dong now points primarily to two sentences contained in two Department of State Country Reports on Human Rights Practices in China indicating, in general terms, that harassment and detention of individuals perceived as critical of or threatening to government authority had increased in 2005 and 2006.  Given the "heavy burden" that an alien seeking to reopen his case carries, *INS v. Abudu*, 485 U.S. 94, 110 (1988), we are not prepared to hold that the BIA abused its discretion in denying Dong's motion based on this record.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk